Good morning, and may it please the Court, my name is Golnish Farzana, and I'm with the Federal Public Defender's Office, and we represent Petitioner-Appellant Robert Lemke. With the Court's permission, I'm going to try to reserve three minutes of my time for rebuttal. Your Honors, this is a simple case of double jeopardy. There is no dispute that Mr. Lemke was acquitted of armed robbery when the jury convicted him of the lesser-included offense of theft. So the State concedes that Mr. Lemke can never be retried for armed robbery. Similarly, there is no dispute that armed robbery and felony murder predicated on armed robbery are the same offense under the Supreme Court's decision in Blockburger v. United States. Therefore, it follows under the Supreme Court's jurisprudence and this Court's decision in Wilson that the State was precluded from retrying Mr. Lemke for a second time for felony murder because the State could not retry that count without once again retrying armed robbery. The State Court said that there was no lesser-included offense for the felony murder. Are you contradicting that, or has the State conceded that point away, or what? Because it sounds as if you're saying that the armed robbery is a lesser-included, really, of the felony murder charge. Yes, Your Honor. The trial court in this case found that armed robbery was not a lesser-included offense. And actually, when Mr. Lemke took up the double jeopardy claim on a special action to the Arizona Court of Appeals, the Court of Appeals disagreed with the trial court and overruled that holding and found that for double jeopardy purposes, it doesn't matter whether it's necessarily a lesser- or greater-included offense so that maybe in Arizona, Mr. Lemke wasn't entitled to an instruction as a lesser-included offense of that felony murder charge. However, under Blockberger, the Arizona Court of Appeals found that armed robbery is the same offense as felony murder predicated on that. And so, yes, the State conceded that, and the State Courts found that they were the same offense. If your argument is that he cannot be retried for murder in the course of armed robbery after being acquitted of armed robbery, could the State now indict him and try him for simple murder? To the extent that that, I believe that the question, and correct me if I'm not understanding your question correctly, but to the extent that it would be another stand-alone charge that has no, that jeopardy hadn't terminated, under double jeopardy, there would be no prohibition. However, I believe there's other constitutional principles that I'm not entirely, I guess, prepared to discuss that would prevent them from coming back with a second indictment. And I think it has to do more with due process and notice than the fact that the State has to bring all charges within a single indictment and can't hold back separate counts that they could have brought in the original. That's a very speculative question, and I understand that, but the case that, Wilson certainly has a case close to your point. The problem is Jose, isn't it? I mean, that came down after Wilson, and that has an awful lot of language in it, saying that when two charges are brought in the same indictment and they start being tried together, then hanging on one, even when the other one is for Blackburger purposes, that was a conviction, a lesser-included conviction, doesn't, double jeopardy doesn't bar retrial. I mean, how do we handle Jose? Your Honor, Jose is inapplicable to this case. The limited legal rule that this court was deciding in that case and that it stated was that in a situation where the defendant is convicted of both the lesser and greater offenses and they appeal that conviction and a court reverses the appeal based on a trial error, that retrial is not barred by the double jeopardy principles. That limited legal holding is not inconsistent with Wilson, and it doesn't apply in this case. As Your Honor pointed out, Wilson is directly on all fours, and it's factually identical to the situation here. The district court's interpretation of Jose, the dicta in Jose, for this generalized rule that Your Honor just repeated, that regardless of the circumstances, whenever lesser and greater included offenses are tried in the same trial and jeopardy terminates as to one but not the other, then the state is always allowed to retry that remaining count. Now, that one is not the rule of Jose, and if it was, that rule is directly contrary to the Supreme Court's decisions in Green and in Price. In both of those cases, that's exactly the situation. It was lesser and greater offenses tried in the same indictment, in the same trial, and the Supreme Court found that a conviction on the lesser included offense barred a retrial as to the greater offense, even though the jury presumably hung. They were silent as to that count. Yet on double jeopardy principles, the Supreme Court stated that the state, after having one full and fair opportunity to convict the defendant on that charge, did not get a second bite at the apple. What do you do about Bluford v. Arkansas then? Your Honor, Bluford is also not applicable to this case because in Bluford there was no verdict at all. The Supreme Court in that case found that although the jury had stated to the court that it had agreed as to the greater offenses and it was hung as to the lesser, the court had given them an Allen instruction and they had gone back to continue deliberations. And the Supreme Court stated that during those deliberations they could have reconsidered those greater charges and because there was an error in that case, that the verdict form didn't allow them to record their actual verdicts as to the greater charges, so no verdict was entered in that case. Double jeopardy couldn't bar. The instructions in that case said don't go to the lesser included offense until all of you have made a decision that the defendant is not guilty of the greater offense. And the Supreme Court observed that we expect juries are following instructions. And I'm having trouble understanding why. That wasn't the same type of implicit acquittal that you're arguing here. The Supreme Court said the lack of a formal acquittal was dispositive there and did not bar the state from re-prosecuting the murder charge. Right. The sole difference in that case is there wasn't an implicit acquittal because there was no conviction as to any charge. There was no acquittal. There was no verdict return. The verdict form was left blank and the jury was dismissed. And the court found that while juries are presumed to follow instructions, when they are instructed to go back and deliberate the one count, which included all of these greater and lesser included offenses, we couldn't know whether they decided to readdress those greater offenses. Had they been able to record their or had they come to a conclusion as to a lesser included offense and convicted Mr. Bluford of manslaughter, for instance, that undoubtedly would have acquitted him of the greater offenses. But because there was no verdict in that case, the Supreme Court could not make a guess as to what the jury decided. How do you get around the waiver argument here? The district court found that the double jeopardy argument had been waived because Mr. Lemke had taken this up. He'd lost in the Arizona state courts on the double jeopardy issue. He came back. He entered into a plea agreement with the state, as I understand it, and pled guilty to the charge. Did the state get concessions? Or did Mr. Lemke get concessions in exchange for pleading guilty? No, Your Honor, he did not. And the magistrate judge pointed out correctly that it's questionable whether a judge in Arizona could have accepted any type of a conditional plea under an Arizona law. However, that is irrelevant to the analysis here because the Supreme Court in Mena v. New York explicitly stated that when a state lacks the authority to prosecute a defendant on a charge, a conviction on that charge must be set aside even if it's entered pursuant to a counseled guilty plea. He ended up getting a concurrent sentence with time he was already doing. Was that pursuant to a plea agreement? For the felony murder, yes, Your Honor, it was. So what concession did the state get by entering into an agreement to say, we'll ask for concurrent time in exchange we want, what, finality? Well, in exchange they got a conviction on felony murder in that case. But you say they didn't have the right to have that conviction because it was barred by double jeopardy. Right. At that point, the state courts had decided that there was no double jeopardy bar, and what the state entered into is it got a, without going to having the cost of a retrial, it got a conviction on the felony murder trial in an agreement for them to be concurrent sentences. But one that you say was a nullity from the beginning because there was no authority for the state to take his plea to this charge. Exactly. Yes, Your Honor. And our argument is that that plea agreement should have never happened, that that second trial should have never happened, that the state was not allowed to bring, as the Supreme Court stated in MENA, they were not allowed to hail him into court a second time. So whatever happened within that plea agreement or that plea colloquy or with the trial judge there, all of that was null. Under the double jeopardy principle, the state did not have the authority to re-prosecute him. And I think, as I stated, I guess, in the beginning, this is very simple. As the court found in Wilson, Supreme Court precedent has made clear that you look at when jeopardy terminates as to a charge, and once jeopardy is terminated as to that charge, a state is barred from retrying the, quote-unquote, same offense under Blockburger. That's precisely what's happened here. And we simply ask that the same result that followed in Wilson follow in this case. However, in this case, the bottom line is that I've got to have some Supreme Court precedent to address the situation, correct? Yes, Your Honor. What is your best case for that? Blockburger v. United States. That's the best? Yes, Your Honor. If I can't get there under Blockburger and it's a new idea for me, don't I have to do opposite of what you would suggest? No, Your Honor. I believe that, as this court stated in Wilson, it said... I know what they said in Wilson, but if Blockburger is your best case, then I'm trying to figure out, if I don't think that Blockburger is applicable, I don't know what Supreme Court precedent I'm really going to apply. I would only say that the Supreme Court's long line of double jeopardy cases, including Green and Price and Blockburger and Brown, all go to this issue. The clearly established governing principle here is that once jeopardy is terminated as to an offense, a state is not allowed to retry a defendant for something that constitutes the quote-unquote same offense under Blockburger. That has been established for over 50 years, and we believe that that is the clearly established principle in this case. Aren't you advocating a new application of that? I mean, it's clear that the state can't re-prosecute for the armed robbery, but you're taking it a step further and saying, so logistically because armed robbery is the same offense under the Blockburger Custis as felony murder, that this theft offense that's a lesser-included offense of armed robbery now precludes a conviction for murder. Is there a Supreme Court case which takes it beyond just the lesser-included offense and the greater offense and applies it to still a third offense? Your Honor, the relevant analysis here is once this court and all the lower courts have found that jeopardy terminated as to the acquittal, regardless, the Supreme Court in Green and Price explicitly stated that it doesn't matter if it's an explicit acquittal or if it's an implicit acquittal. Once jeopardy is terminated, then yes, under Blockburger, that is deemed to have barred any other offense that's the same offense. And I think what's guiding another Supreme Court case that is very telling is Yeager v. United States. While that was a collateral estoppel case, the Supreme Court rejected the exact argument that the state makes here today. In that case, the government had stated that because it was a multi-count single indictment an acquittal on one charge could not bar a retrial as to the hung count. And the Supreme Court explicitly rejected that contention. And there's no basis to believe that the Supreme Court would allow issue preclusion protection to flow from one indictment, but not claim preclusion protection, especially given the fact that the majority of criminal cases, the double jeopardy claims, are claim preclusion. Issue preclusion is generally in the civil liability sphere. And there's no reason to believe that the Supreme Court would give more protection in civil liability than they would in criminal. If the Court has no further questions, I'd like to reserve my last minute for rebuttal. Thank you, Counselor. Good morning, Your Honors, and may it please the Court. My name is Jeff Sparks, and I'm representing the respondents in this matter. Starting first with the waiver argument. When the petitioner made the tactical decision to plead guilty to the felony murder charge, after the state court had decided the double jeopardy issue against him, he waived that issue. And I do want to point out that he did obtain some benefit. There was the stipulation that his sentence would be concurrent to the sentences he had already received, and also that the sentence for that crime would be life with the possibility of release after 25 years. What did the state think it was getting in exchange? Well, the state simply was getting not having to go through another trial. So, in essence, I think it was getting the same thing that it generally gets when it does enter into a plea agreement rather than trial. Did the state expect that that would be the end of things? He'd plead, get his time, and the legal case would come to an end? I imagine so. I mean, you know, he would have his right to file a post-conviction relief claim. So there was no waiver of appeal or collateral attack provision in the plea agreement that was entered into here? No, not that I'm aware of. And speaking to the MENA exception, the exception that the Supreme Court laid out in that case is very narrow. That was a case where the defendant was found in contempt of court and served a jail sentence for a particular act, and then subsequent to that the state charged him with a crime based on that same act. There, the court held that because the indictment was facially duplicative of the sentence he'd already served, it was an invalid indictment in the first place, and his guilty plea didn't waive any double jeopardy claim. Here, the petitioner was already in court on that same indictment and on that same felony murder charge that he pleaded guilty to. There was no new prosecution. There was no subsequent indictment. It was simply a continuation of that same charge after the hung jury. And for that reason, the narrow MENA exception does not apply in this case. Moving on to the merits of his double jeopardy argument, the biggest flaw in his double jeopardy claim is that there's no successive or second prosecution in this case. Brown v. Ohio, the Supreme Court addressed the application of double jeopardy to a second or a successive prosecution. That's where a defendant is charged with a crime, convicted and then sentenced, and then subsequent to that charged again with a crime that's a greater or lesser offense of that first crime. That's a double jeopardy violation. However, as the court also noted in Johnson v. Ohio, it is never held that the termination of jeopardy on a count in a multi-count indictment necessarily also terminates jeopardy on another count in that indictment that may be a greater or lesser offense. I think that principle is also explained by this court in the Jose decision, as well as the Eighth Circuit in Bordeaux, which is cited in our brief. Both of those cases talk about Brown and explain that the bar to multiple prosecution for the same offense applies to a charge that was not brought in the original indictment after jeopardy is terminated on what is the same offense under the Blockburger test. Green was not a successive prosecution, was it? I'm sorry, which case? Green v. United States. Green was not, that's correct. I think Green and Price are a little bit different than the situation in Brown or the situation in here. There, the jury was considering a greater and lesser offense as a single count. The jury was instructed, the defendant is charged with the greater, and I believe in Green, as the Supreme Court described it in its statement of the facts, the jury was instructed that it could enter a verdict on the greater or the lesser on that charge. But this seems like a Green replica. Well, there are some significant differences between the situation in Green. First, the jury here was not considering felony murder and armed robbery as traditional greater and lesser as the jury was considering them together in Green and Price. They were given to the jury as fully separate counts. Well, but armed robbery and felony murder for armed robbery are the same offense, aren't they? Under the Blockburger test, that is correct. However, as the state court noted here in its decision, as a matter of Arizona law, for a single prosecution, felony murder does not have a lesser included offense. That's very strange to me. I mean, the jury is presented with a case, and they deliberate, and they say, well, you know, we think he murdered the person, but we don't think he tried to rob him, but we can't find him guilty of murder. Is that right? Well, it's really hard to say based on what happened here, based on the hung jury. You're saying there's no – you've got to find armed robbery and murder to convict him of the major count, and there were no lesser included. So apparently the jury has to let him go free if they figure that, well, yeah, he killed a man, but he didn't do the robbery. That makes me question whether there really are no lesser included for felony murder. Yes, Your Honor, I do see that. And I believe that was addressed by the Supreme Court in Arizona v. Schad, where the state charged first-degree premeditated murder and felony murder in the first count, and an instruction on secondary murder in that case satisfied the defendant's constitutional rights. You would agree with me, wouldn't you, that the petitioner couldn't be retried for armed robbery given Green? Most likely under Green, yes. There is the one distinction being that in Green there's no indication that the jury was instructed as it was in this case, where the jury was instructed that it can consider the theft lesser included offense either if it was unable to reach a verdict on the armed robbery or if it found the defendant not guilty. I guess that's the worry that I have. If, in fact, we can't retry the petitioner for armed robbery given Green, and if, in fact, armed robbery and felony murder for armed robbery are the same offense, then I'm having a tough time seeing why they should be retried. I think it's the implicit part of the analysis, finding an implicit acquittal of armed robbery that's important there. I understand. So I think, and the state court did notice this, in spite of that distinction, I think it's most likely that Green would prohibit a retrial on the armed robbery count. However, I don't understand the state's brief to take a different position. And that is the position that we did take in our brief, that retrial on that count. I thought your brief said that exactly. They couldn't go for armed robbery. I think that's the most likely outcome. That's what I thought your brief told us. Right. So if it can't go for armed robbery and armed robbery and felony murder for armed robbery are the same offense, how can I suggest you can go for one without the other? Well, I think that's because we're talking about a single prosecution here. So the fact that they're the same offense under the Blockberger test doesn't mean that the state is prohibited from continuing in its prosecution for felony murder. I think because the petitioner's argument relies most heavily on the fact that it was an implicit acquittal, I think that shows that what he's really arguing is collateral estoppel. If I can give an example, Jeopardy terminates upon a conviction. I see collateral estoppel totally different, so I want you to really think closely about this, because I think this is pretty – I mean, I don't think there's any collateral – I don't think collateral estoppel is the big question. I think we're really wrestling right now with the big question. That's why I ask it so straight. That's what's worrying me about this particular situation. Plus, is there any Supreme Court precedent that would say what the actual result is? Those are the two big issues for me. Okay, Your Honor. I think addressing the second point first, I don't think that there is a U.S. Supreme Court decision that specifically prohibits what happened here. I think it's taking Green and Price a step too far to apply them to the felony murder charge. There are some major differences. As I said, the jury was considering these as separate offenses. Unlike in Green and Price, where the jury on the greater offense was silent, here the jury specifically indicated that it was unable to come to a decision on felony murder. Is it your position if the jury had explicitly acquitted on the armed robbery that the hung jury on the felony murder charge could still go forward? No, it's not, and that would be because of collateral estoppel. In a situation like that, petitioner would be able to show that the jury necessarily decided that he did not commit the armed robbery. But because we don't have that here, he can't. You've taken the position that because it's not a successive prosecution, that it's okay to go forward when there's an implicit acquittal because it's part of the same charging document, the original charging document. Why is there a different rule if it's explicit as opposed to implicit? Well, I think that goes to collateral estoppel and whether the petitioner can show that the jury decided that issue. But I think to illustrate, Jeopardy would have terminated on count two, the armed robbery count, upon a conviction or an acquittal. But not on count one. Correct, that's correct. So I guess, and the court in Jose kind of discusses this because the double Jeopardy argument there was similar. So under petitioner's argument, for example, if he had been convicted of the armed robbery and there was a hung jury on count one, to be logically consistent with the position he's advancing here, he would have to argue that because Jeopardy terminated on count two and it's the same offense under the Blockburger test as count one, the continuing prosecution for count one would be barred by double Jeopardy principles. And I don't think there's anything in the Supreme Court's precedence that would. Wouldn't a retrial on armed robbery be barred by the theft conviction? I don't think it would. The only way it could would be applying Green. Well, I was going to say, it seems to me Green would absolutely bar it. Would bar a retrial on the felony murder conviction? No, on the armed robbery. Armed robbery, yes, that's correct. Well, if theft, if armed robbery is a lesser included for Blockburger, same offense for Blockburger purposes, so must theft be. That would be correct. Well, okay, that gets us back into trouble with Blockburger then, I think. With the Blockburger case? I mean, we're trying someone for a crime, a greater crime, when he has been convicted of a lesser crime, the same offense. That's what confused me about your statement that it would have barred the felony murder prosecution if he'd been acquitted of the armed robbery, even though they were brought in the same charging document, because the only difference that I can see is that one's an implicit acquittal under the rules, the other is explicit. It's clear here that it's not explicit because under your LeClaire precedent, the jury can go to the lesser if either they're unable to agree or they've made a decision to acquit. We don't know which happened here. But I think you just told me that if there was an express or explicit acquittal, that that would bar re-prosecution on the felony murder charge. Is that the state's position? It is, but that's only specifically applying a collateral estoppel analysis. Because in that situation, the jury would have actually under, as the Supreme Court talks about in Shiro, which we talk about in our brief, the jury's silence on a charge can't prove a collateral estoppel without more in the record indicating it actually decided. But you say the implicit acquittal on the theft charge does not implicate collateral estoppel here. That's correct, because we simply don't know what the jury decided. So, in effect, Petitioner can't prove, which he would be required to do under collateral estoppel, that the jury actually decided he was not guilty of armed robbery. So to reiterate, I think the most important point here is there's no successive prosecution, and because of that, there's no U.S. Supreme Court precedent that would prohibit the continuing prosecution after a hung jury of felony murder, even though it may be, under the Blockberger test, considered the same offense for successive prosecutions. And unless the Court has any further questions. Thank you, Counselor. Thank you, Your Honors. Appreciate it. Counselor, you had a little bit more time. I think a minute and 15. Yes, thank you, Your Honor. Just a couple points. First, in regards to your question, Judge Burns, Green, even in the double jeopardy context, not collateral estoppel, Green explicitly states that the Court stated that this case can be treated no differently than if the jury had come back and expressly said, we find the defendant not guilty as to the greater offense, but guilty as to the lesser. Again, in Price, the Court reiterated that jeopardy is deemed to terminate regardless of if it's express or implicit. So there is no difference in the double jeopardy context or in the collateral estoppel. Here's what's confusing to me. We have to apply Supreme Court precedent, not circuit precedent, on habeas. That's the controlling law here. And it seems to me that this Bluford case, Bluford versus Arkansas, has made it a little more murky about how the Supreme Court regards so-called implicit acquittals since Green. I mean, Bluford, as I look at it, looked like an implicit acquittal to me. The instructions say, don't get to the lesser until you've acquitted on the greater. And all of the work is around the lesser there. It seems implicit to me that they acquitted on the greater. And yet the Supreme Court said, in the absence of an explicit acquittal, the state can re-prosecute. Your Honor, again, Bluford is not applicable here because nothing was returned from the jury. There was no conviction. In fact, that wouldn't have been an implicit acquittal situation because that was an acquittal-first instruction. The jury would have necessarily had to explicitly acquit him of the greater offense in order to go to the lesser-included offense. And had the jury returned a verdict in that case, then it would have been deemed an explicit acquittal of the greater offenses. But again, that case doesn't apply because the jury returned nothing. And as the Supreme Court has repeatedly stated, again, in Yeager versus the United States, a hung jury is a non-event, and we cannot look at that for any indication of what a jury was deciding. And that's why, in that case, the court found there was no acquittal. In this case, there was a conviction on the theft, and the state has conceded. And under Greene, it is clear that that bars retrial of armed robbery. Again, the state also stated that there was some difference between this and Greene because this only deals with greater and lesser-included offenses, not separate. But again, in Greene, the court explicitly stated that the constitutional issues at stake here don't turn on the fact that it was greater or lesser offenses. The same outcome would have followed if it was charged as two separate offenses in the same indictment. Thank you, Counselor. Counsel will be after me if I give you more than a minute, more than he did. Yes, Your Honor. Thank you. I appreciate that. Both sides coming and arguing this case. I especially appreciate you coming and arguing in front of such an audience. They wanted to hear you, we wanted to hear you, and they learned much from you, so thank you very much for doing that. Good arguments. Thank you very much. This case is now submitted. Case 11-15960, Lemke v. Ryan, is submitted.
judges: Burns, Canby, Smith